which the master is not liable.   Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905.   The plaintiff knew that the scaffold was not the scaffold of his master, or provided by him, but built and in use by persons carrying on a different part of the work.   He made inquiries of the workmen whether the scaffold was safe, and was told that it was.  He was not guilty of negligence in using it under the circumstances, but still, in working on this building, which he knew—in the main, and with the exception of a small detail—was not constructed by his master, he took the risk of danger from such construction.   These were the risks of his employment.   If there was any negligence in this case, it was either that of Williams, in sending plaintiff to the seventh story while it was in such an unfinished condition, or that of Cantilon, in failing to discover the defect in the platform.   As the defendant neither built nor maintained the scaffold, the failure of Cantilon to discover its defects was not imputable to it.   The only evidence as to the authority and powers of Williams is that he was superintendent of defendant's work at the building.   The determination of when the measurements should be taken in the upper floors, and how far the construction of the building should have progressed before the attempt to take the measurements should be made, was intrusted to him; but under the case of Cullen v. Norton, supra, his acts in those respects were a part performance of the work itself, and in such acts he did not represent the master, and the acts were those of a fellow servant.

The judgment and order denying motion for new trial, appealed from, should be reversed, and a new trial ordered; costs to abide event.   All concur.

---

TALMAGE v. SANITARY SECURITY CO.   ·

(Supreme Court, Appellate Division, Second Department. · February 4, 1896.)

PLEADING—BILL OF PARTICULARS.
   In an action against a corporation to recover damages for alleged false representations of defendant's agents, a denial of defendant's motion for a bill of particulars as to the names of the alleged agents is not error, where the motion, though alleging that defendant was ignorant of the names of the agents alleged to have made the false representations. is not accompanied by any proof that the allegations of the complaint in regard to such representations were denied.

Appeal from special term.

Action by John F. Talmage against the Sanitary Security Company.   From an order denying defendant's motion for a bill of particulars, it appeals.   Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

John Berry, for appellant.
James McKeen, for respondent.   ·

PER CURIAM.   The complaint alleged that the plaintiff was induced to purchase certain stock of the defendant by means of false representations by authorized agents of the corporation.   It did not

disclose, however, who the persons were by whom the representations were said to have been made. In order to ascertain these names, the defendant moved, at special term, for a bill of particulars, upon an affidavit by the president of the corporation stating that the defendant and its officers were ignorant of the names of the persons who it was alleged had made the false representations relied upon. If this affidavit had been accompanied by proof that the allegations of the complaint in respect to the false representations were denied by the defendant, then a proper case for relief would have been made out, so far as to call upon the special term to require the plaintiff to give the names of the persons by whom he would seek to show that the misrepresentations had been made; but no copy of the answer appears to have been furnished to the judge who heard the motion, and there is no statement in the moving affidavit as to what the answer contains.

On this record, we feel constrained to confirm the order appealed from, but without costs, and with leave to the defendant to renew its motion for a bill of particulars upon papers showing that the allegations of the complaint in regard to the false representations are denied.